Alan BLAU, a/k/a Seal 1,
Plaintiff—Appellant,

v.

YMI JEANSWEAR, INC.; David Vered,
Defendants—Appellees.

No. 03–56617.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided April 27, 2005.

Brent H. Blakely, Esq., Freund & Brackey LLP, Beverly Hills, CA, for Plaintiff–Appellant.

Willmore F. Holbrow, III, Esq., Blakely, Sokoloff, Taylor, Siegel & Zafman, Los Angeles, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, PREGERSON, and TROTT, Circuit Judges.

## MEMORANDUM *

In this consolidated appeal Alan Blau appeals (1) the district court's order granting YMI Jeanswear, Inc.'s motion to recover a bond posted by Blau as surety for the issuance of a temporary restraining order and (2) the district court's subsequent summary judgment order in favor of YMI on Blau's complaint alleging federal trademark causes of action under the Lanham Act and a California state law cause of action for unfair competition. We affirm the summary judgment order and dismiss the bond appeal as moot.

The district court properly granted summary adjudication on the damages issue because Blau failed to raise triable issues of fact regarding whether the parties were in direct competition and whether YMI willfully infringed the UBU mark. *See Maier Brewing Co. v. Fleishchmann Distilling Corp.*, 390 F.2d 117, 121 (9th Cir. 1968). Blau's claim for injunctive relief is moot because YMI ceased using the "YMI lets UBU" slogan before Blau filed suit. *See Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir.1986) (explaining that cessation of unlawful conduct moots a request for injunctive relief where "the reform of the defendant [is] irrefutably demonstrated and total"). Summary judgment is appropriate as to Blau's claim for statutory damages. Blau had notice that the sufficiency of his statutory damages claim was at issue because (1) YMI's motion for summary judgment sought to dismiss the entire complaint and (2) the tentative order put Blau on notice that Blau's counterfeiting claim was at issue. Furthermore, Blau did not ask for more time or move for reconsideration on this issue. Moreover, as we examine the counterfeiting issue de novo, it appears under the circumstances to have no merit.

Because we affirm the summary judgment order in favor of YMI, the question of whether a party can be "wrongfully restrained" before there is a final determination on the merits is moot.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.